Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

Andrew Gerber (*pro hac vice* application to be filed)
andrew@kgfirm.com
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

*Attorneys for Plaintiff Raeha Keller*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

| | | |
|---|---|---|
| RAEHA KELLER, | : | Case No.: |
| | : | |
| | : | **COMPLAINT FOR** |
| Plaintiff, | : | **COPYRIGHT INFRINGEMENT** |
| | : | |
| v. | : | |
| | : | |
| ZOETOP BUSINESS CO., LTD. d/b/a | : | **DEMAND FOR JURY TRIAL** |
| SHEIN and ROMWE | : | |
| | : | |
| Defendant. | : | |

---

Plaintiff Raeha Keller ("Plaintiff" or "Ms. Keller"), by and through her undersigned attorneys, for her complaint against defendant Zoetop Business Co., Ltd. d/b/a Shein and Romwe ("Zoetop" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement brought by an independent artist against one of the largest and fastest growing fast fashion retailers in the world.  Defendant is a Chinese company doing business as SHEIN and ROMWE in the United States and around the world.  Defendant profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others.  Defendant has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so than to comply with the law.  Already banned in India, Defendant has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

2.      Plaintiff seeks relief for Defendant's sale and display of various products featuring unauthorized and infringing copies of her original designs.  Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendant's willful copyright infringement, distribution of goods with missing and altered copyright management information, and distribution of goods with false copyright management information.

Case No.

## PARTIES

3.      Plaintiff Raeha Keller is an individual residing in Redondo Beach, California. Ms. Keller has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

4.      Upon information and belief, Defendant Zoetop is a Chinese limited company with its principal place of business in Hong Kong S.A.R.

5.      Zoetop is one of the most popular fast fashion e-commerce retailers in the world.  Zoetop operates various e-commerce brands, including SHEIN, ROMWE and EMMACLOTH.  Zoetop advertises, distributes, and sells its products to consumers in over 200 countries, including the United States.  Zoetop primarily sells products direct to consumers under the SHEIN and ROMWE brands through its websites, www.shein.com and www.romwe.com, mobile applications, and social media platforms.  Zoetop also sells products wholesale under its EMMACLOTH brand through its website, www.emmacloth.com.  In addition, Zoetop advertises and sells its SHEIN and ROMWE products through sample sales, college campus events, and pop-up events across the United States, including in California.

## JURISDICTION AND VENUE

6.      This matter is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, distribution of infringing goods with copyright management information removed, and distribution of infringing goods with false copyright

management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*

7.     The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.     Upon information and belief, Defendant Zoetop does systematic business in California and this District.  Zoetop operates e-commerce websites and mobile applications that market to consumers in California and this District, offer for sale products to consumers in California and this District, and enable consumers in California and this District to enter into online transactions for a variety of products.  Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over Zoetop in that Zoetop regularly does or solicits business in California and this District; derives substantial revenue from goods used or services rendered in California and this District; expects or reasonably should expect its infringing conduct to have consequences in California and this District; derives substantial revenue from interstate commerce; and committed unlawful acts outside of California that caused injury to Plaintiff within California and this District.

9.     In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant committed unlawful acts of infringement in this District, Defendant's unlawful conduct resulted in damage to Plaintiff in this District, and Defendant does business here and is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I.     Plaintiff's Original Design

11.     Ms. Keller is a popular independent artist and designer who makes a living selling her original designs in the form of enamel pins, embroidered patches, and other original products under the brand name Ectogasm.  Ms. Keller sells a variety of products featuring her original designs direct to consumers through her e-commerce website and online storefront, located at www.ectogasm.net, and through various authorized third-party websites and retailers.  Renowned for her strange and spooky designs, Ms. Keller has a devoted based of fans and consumers.

12.     Twelve of Ms. Keller's most popular designs are at issue in this action: *Broken Anatomical Heart*, *"Boooobs" Ghost*, *Caffeine Fiend*, *Tentacles in a Teacup*, *Heart in Hands Witchy*, *Roses in a Lightbulb*, *"Feminist" Quote Banner with Roses*, *Pink Pistol*, *"Spooky All Year" Pin*, *Skeleton Heart Hands, "Waste Time and Time Wastes You" Hourglass*, and *"You're Never Alone If You Have Demons" Ghost Heart* (collectively, the "Original Designs").

13.    Ms. Keller has used the Original Designs on various products, including enamel pins and embroidered patches, which she sells directly and through authorized licensees.  Examples of original products featuring the twelve Original Designs are shown below.

| Broken Anatomical Heart | "Boooobs" Ghost | Caffeine Fiend |
|---|---|---|
|  |  |  |
| Tentacles in a Teacup | Heart in Hands Witchy | Roses in a Lightbulb |
|  |  |  |
| "Feminist" Quote Banner With Roses | Pink Pistol | "Spooky All Year" |
|  |  |  |

Case No.
**COMPLAINT AND DEMAND FOR JURY TRIAL**

| Skeleton Heart Hands | "Waste Time and Time Wastes You" Hourglass | "You're Never Alone If You Have Demons" Ghost Heart |
|---|---|---|
| |  |  |

14.     Ms. Keller has obtained federal copyright registrations for all twelve of the Original Designs.

15.     On June 21, 2019, Ms. Keller obtained federal copyright registration No. VA0002162500 for the *Broken Anatomical Heart* Original Design.

16.     On October 26, 2020, Ms. Keller obtained federal copyright registration No. VA0002222243 for the *"Boooobs" Ghost* Original Design.

17.     On September 4, 2020, Ms. Keller obtained federal copyright registration No. VA0002222463 for the *Caffeine Field* Original Design.

18.     On September 4, 2020, Ms. Keller obtained federal copyright registration No. VA0002222464 for the *Tentacles in a Teacup* Original Design.

19.     On September 4, 2020, Ms. Keller obtained federal copyright registration No. VA0002222469 for the *Heart in Hands Witchy* Original Design.

20.     On September 4, 2020, Ms. Keller obtained federal copyright registration No. VA0002222467 for the *Roses in a Lightbulb* Original Design.

21.     On June 21, 2019, Ms. Keller obtained federal copyright registration No. VA0002162489 for the *"Feminist" Quote Banner with Roses* Original Design.

22.     On June 21, 2019, Ms. Keller obtained federal copyright registration No. VA0002162490 for the *Pink Pistol* Original Design.

23.     On July 15, 2018, Ms. Keller obtained federal copyright registration No. VA0002136902 for the "*Spooky All Year" Pin* Original Design.

24.     On June 21, 2019, Ms. Keller obtained federal copyright registration No. VA0002162495 for the *Skeleton Heart Hands* Original Design.

25.     On October 26, 2020, Ms. Keller obtained federal copyright registration No. VA0002222242 for the *"Waste Time and Time Wastes You" Hourglass* Original Design.

26.     On June 21, 2019, Ms. Keller obtained federal copyright registration No. VA0002162496 for the *"You're Never Alone If You Have Demons" Ghost Heart* Original Design.

27.     Numerous forms of copyright management information—namely, Ms. Keller's brand name, logo, website address, and social media handle—are included on authorized copies of the Original Designs and their packaging, as shown below.  This information, which is created and placed on authorized copies of the Original Designs and their packaging via a digital and technological process involving computer software and

printing machinery, serves to identify Ms. Keller as the author and copyright owner of the Original Designs.

  

28.    Ms. Keller further conveys such copyright management information in connection with the Original Designs on her website, social media accounts, and third-party websites.

## II.    Zoetop Infringed Plaintiff's Copyrights

29.    Zoetop is a fast fashion retailer that advertises and sells apparel, accessories, jewelry, and other products through its various brands, including SHEIN, ROMWE and EMMACLOTH.    Zoetop sells SHEIN and ROMWE branded products directly to consumers through websites, mobile applications, and social media platforms.

30.    Zoetop's SHEIN and ROMWE brands are two of the most popular and fastest growing brands in the online fast fashion market.    Zoetop's SHEIN and ROMWE brands are known for their targeted advertising social media campaigns, consistently advertising products with steep discounts.    Zoetop also advertises its promotional events throughout

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

the United States, including in California and this District, on the SHEIN and ROMWE brand social media accounts, including Facebook and Instagram, located at facebook.com/shein2019, facebook.com/Romwe.official/, instagram.com/sheinofficial, instagram.com/shein_us, and instagram.com/romwe_fun.

31.   Zoetop profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Numerous online blogs and videos of consumers discuss the low quality of SHEIN and ROMWE goods. Zoetop has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so than to comply with the law, *e.g.*, by creating or licensing original works. Already banned in India, Zoetop has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

32.   Without Ms. Keller's authorization, Zoetop created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold at least twenty products featuring designs that are strikingly similar to the Original Designs (collectively, the "Infringing Products").

33.   Below is a side-by-side comparison of the Original Designs and the Infringing Products. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the

Infringing Products are strikingly similar (if not identical) to the Original Designs. Additional examples of the Infringing Products are attached as **Exhibit A**.

|  |  |
|:---:|:---:|
| **Original Designs** | **Infringing Products** |

**2pcs Heart Design Brooch**
SKU: swbrooch18200806169

**2pcs Skeleton Brooch**
SKU: rwbrooch18200916103

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.



Cup Design Brooch
SKU: swbrooch18200720817





Ghost Design Brooch
SKU: swbrooch18200904377





Kids Halloween Cup Design Brooch
SKU: skjewelry18200805535



Cup Design Brooch
SKU: swbrooch18201013213







Heart & Hand Design Brooch
SKU: swbrooch18200821859





Heart Hand Organ Design Brooch
SKU: swbrooch18201013978



2pcs Light Bulb Shaped Brooch
SKU: swbrooch18200525759









3 pcs Hand Shaped Brooch
SKU: swbrooch18200525408



3pcs Flower & Scissor Design Brooch
SKU: swbrooch18191120976





Cartoon Brooch 5pcs
SKU: brooch180822801





Case No.

14
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Skeleton & Rose Detail Brooch Set 2pcs
SKU: brooch190116833





Gun & Light Bulb Brooch Set 3pcs
SKU: brooch190116852



Ghost Design Brooch
SKU: swbrooch18200714306





4pcs Skeleton Design Brooch
SKU: swbrooch18200521754





Skeleton Design Brooch Set 3pcs
SKU: swbrooch03190419362





Hourglass Creative Brooch
SKU: swbrooch18200930308





Kids Ghost Décor Pin
SKU: skjewelry18200731439

 

Girls Slogan Graphic Heart Design Brooch
SKU: skjewelry18200609376

 

34.    Zoetop's infringement of the Original Designs has been willful.  Zoetop never attempted to contact Ms. Keller to inquire about properly licensing her work.  Instead, Zoetop simply raided Ms. Keller's intellectual property to create multiple Infringing Products.  Upon information and belief, Zoetop knows it is sourcing cheap products from suppliers who regularly deal in infringing products but continues to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

35.    Upon information and belief, Zoetop knowingly distributed infringing copies of the Original Designs and infringing products with Ms. Keller's copyright management

Case No.
**COMPLAINT AND DEMAND FOR JURY TRIAL**

information removed therefrom.  Without Ms. Keller's authorization, Zoetop knowingly distributed the Infringing Products, which feature copies of the Original Designs that are missing the copyright management information placed on authorized copies of the Original Designs and their packaging. In sourcing the Infringing Products from disreputable suppliers, Zoetop either knew that the cheap products it was sourcing were infringing or was at least reckless as to sourcing such clearly infringing products from its suppliers. Upon information and belief, Zoetop knowingly traded in such Infringing Products from which Ms. Keller's copyright management information had been removed.

36.  Zoetop also provided several types of false copyright management information in connection with its distribution of the Infringing Products.  Namely, Zoetop affixed the "SHEIN" name, logo, website address, Instagram social media handle, and a QR code that links to SHEIN's Instagram account, to the packaging of the Infringing Products, as shown below.  Such information serves to misidentify Zoetop, via its trade name SHEIN, as the author and/or copyright owner of the Original Designs.



**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.



37.     Zoetop also affixed the "#ROMWEoriginals" social media hashtag on the listings of Infringing Products displayed and offered for sale on the ROMWE website, as shown below.  Such information directly serves to misidentify Zoetop, via its trade name ROMWE, as the author and/or copyright owner of the Original Designs.



38.     Upon information and belief, Zoetop knew that the copyright management information that it affixed to copies of the Original Designs was false because Zoetop knew

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

that Ms. Keller, and not Zoetop, was the true author and copyright owner of the Original Designs.

39.    Upon information and belief, Zoetop provided false copyright management information in connection with copies of the Original Designs for the purpose of giving consumers the impression that Zoetop was the author and copyright owner of the Original Designs.  Zoetop intended that by doing so, it would facilitate the sale of the Infringing Products and conceal the fact that it was infringing the Original Designs.

40.    Ms. Keller has been forced to file this action in order to protect her rights and livelihood.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**

41.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above and incorporates them herein by reference.

42.    Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and has secured the exclusive rights and privileges in and to the copyrights in the Original Designs.

43.    Defendant had access to Plaintiff's Original Designs, including, without limitation, through (a) viewing the Original Designs on Plaintiff's website or social media; (b) viewing the Original Designs on an authorized third-party retailer's website or social

media; and/or (c) purchasing products featuring the Original Designs from Plaintiff or an authorized third-party retailer.

44.     Defendant copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Designs without the consent, permission, or authority of Plaintiff.

45.     Defendant's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

46.     Defendant's acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

47.     Plaintiff is entitled to actual damages and Defendant's profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

48.     Alternatively, Plaintiff is entitled to one award of statutory damages for each Original Design, pursuant to 17 U.S.C. § 504.

49.      Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Infringing Products or any other products which bear substantially similar copies of Plaintiff's copyrighted Original Designs.

50.      Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## <u>DISTRIBUTION OF INFRINGING GOODS WITH COPYRIGHT MANAGEMENT INFORMATION REMOVED - 17 U.S.C. § 1202(b)</u>

51.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 50 above and incorporates them herein by reference.

52.    The Original Designs include conspicuous copyright management information, which is conveyed in connection with the Original Designs and protected under 17 U.S.C. § 1202(b).

53.    Plaintiff further conveys such copyright management information in connection with the Original Designs on her website, social media accounts, and third-party websites.

54.    Defendant knowingly distributed the Infringing Products, which feature copies of the Original Designs that are missing the copyright management information placed on authorized copies of the Original Designs and their packaging.

55.    Upon information and belief, Defendant knowingly sourced, sold, and distributed infringing products featuring copies of the Original Designs that are missing the copyright management information placed on authorized copies of the Original Designs and their packaging.

56.    Upon information and belief, Defendant knowingly sold infringing products featuring copies of the Original Designs from which copyright management information had been intentionally removed.

57.     Upon information and belief, Defendant knowingly distributed and imported for distribution unauthorized copies of the Original Designs from which copyright management information had been intentionally removed.

58.     Defendant distributed the Infringing Products with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

59.     Defendant engaged in these activities without the consent or authorization of Plaintiff.

60.     Plaintiff has been injured as a result of Defendant's multiple violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Products, damages, costs, and attorney's fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

### THIRD CLAIM FOR RELIEF
### FALSE COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(a)

61.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 60 above and incorporates them herein by reference.

62.     Upon information and belief, Defendant intentionally and knowingly provided false copyright management information in connection with the Infringing Products. Specifically, Defendant affixed the "SHEIN" name, logo, website, and Instagram

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.

social media handle as well as a QR code for Defendant's SHEIN's Instagram account to the packaging of the Infringing Products.

63.    Upon information and belief, Defendant intentionally and knowingly imported for distribution and distributed false copyright management information in connection with the Infringing Products.

64.    Upon information and belief, Defendant knew that the copyright management information it conveyed in connection with the Infringing Products was false because Defendant knew that Plaintiff, and not Defendant, was the true author and copyright owner of the Original Designs.

65.    Upon information and belief, Defendant knowingly provided such false copyright management information and distributed and imported such false copyright management information in connection with the Infringing Products with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

66.    Defendant engaged in these activities without the consent or authorization of Plaintiff.

67.    Plaintiff has been injured as a result of Defendant's multiple violations of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing Products, damages, costs, and attorney's fees.  Plaintiff may also elect to recover statutory damages

pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     For an order permanently restraining and enjoining Defendant from copying, reproducing, distribution, adapting, and/or publicly displaying the Original Designs or any elements thereof;

2.     For an order requiring the destruction of all of Defendant's infringing products, including the Infringing Products, and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3.     For an award of Plaintiff's actual damages in connection with Defendant's willful copyright infringement;

4.     For an award of all of Defendant's disgorged worldwide profits attributable to Defendant's copyright infringement;

5.     For an award of statutory damages for each Original Design under the Copyright Act, 17 U.S.C. § 504(c), as well as attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505;

6.     For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impounding of all existing copies of the Infringing Products under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorney's fees under 17 U.S.C. § 1203;

7.     For an award of $25,000 per violation of 17 U.S.C. § 1202(b), an order requiring the impounding of all existing copies of the Infringing Products under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorney's fees under 17 U.S.C. § 1203;

8.     For reasonable attorney's fees and costs of suit incurred herein; and

9.     For interest, including prejudgment interest, on the foregoing sums; and

10.     For such other and further legal and equitable relief as the Court deems just and proper.


Dated:     September 8, 2021                    Respectfully Submitted,

                                               BYRON RAPHAEL LLP

                                               By: /s/ Jordan Raphael
                                               Jordan Raphael

                                               KUSHNIRSKY GERBER PLLC
                                               Andrew Gerber

                                               *Attorneys for Plaintiff Raeha Keller*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: September 8, 2021                                    BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC
Andrew Gerber

*Attorneys for Plaintiff Raeha Keller*

Case No.
**COMPLAINT AND DEMAND FOR JURY TRIAL**

# EXHIBIT A

Shein.com Listing for 2pcs Heart Design Brooch:



Emmacloth.com Listing for 2pcs Light Bulb Shaped Brooch:



**Romwe.com Listing for 2pcs Light Bulb Shaped Brooch:**



**Shein.com Listing for 2pcs Light Bulb Shaped Brooch:**



Romwe.com Listing for 2pcs Skeleton Brooch:



Emmacloth.com Listing for 3pcs Hand Shaped Brooch:



Shein.com Listing for 3pcs Flower & Scissor Design Brooch:



Romwe.com Listing for 3pcs Flower & Scissor Design Brooch:



Shein.com Listing for 4pcs Skeleton Design Brooch:



Romwe.com Listing for 4pcs Skeleton Design Brooch:



Shein.com Listing for Cartoon Brooch 5pcs:



Romwe.com Listing for Cartoon Brooch 5pcs:



Shein.com Listing for Cup Design Brooch:



Romwe.com Listing for Cup Design Brooch:



Shein.com Listing for Cup Design Brooch:



Shein.com Listing for Ghost Design Brooch:



Shein.com Listing for Ghost Design Brooch:



Romwe.com Listing for Ghost Design Brooch:



Shein.com Listing for Girls Slogan Graphic Heart Design Brooch:



Shein.com Listing for Hourglass Creative Brooch:



Shein.com Listing for Gun & Light Bulb Brooch Set 3pcs:



Romwe.com Listing for Gun & Light Bulb Brooch Set 3pcs:



Shein.com Listing for Hand Heart Organ Design Brooch:



Romwe.com Listing for Hand Heart Organ Design Brooch:



Shein.com Listing for Heart & Hand Design Brooch:



Romwe.com Listing for Heart & Hand Design Brooch:



Shein.com Listing for Kids Ghost Decor Pin:



Shein.com Listing for Kids Halloween Cup Design Brooch:



Shein.com Listing for Skeleton & Rose Detail Brooch Set 3pcs:



Romwe.com Listing for Skeleton & Rose Detail Brooch Set 3pcs:



Shein.com Listing for Skeleton Design Brooch Set 3pcs:



Romwe.com Listing for Skeleton Design Brooch Set 3pcs:

